STATE of Minnesota, Respondent,

v.

Nancy Irene FITZGERALD, Appellant.

No. C8–96–424.

Supreme Court of Minnesota.

April 17, 1997.

Jay M. Heffern, Minneapolis City Atty., Timothy T. Mulrooney, Asst. Minneapolis City Atty., Minneapolis, Hubert H. Humphrey III, Atty. Gen., St. Paul, for respondent.

John Scanlan, Hinckley, for appellant.

## OPINION

KEITH, Chief Justice.

Defendant Nancy Irene Fitzgerald was convicted of boarding unlicensed dogs and failing to clean up dog waste. Her main argument on appeal is that the police made an unlawful warrantless entry into her residence and that the subsequent search warrant was based on information obtained during that illegal entry. The state counters, arguing that the informant's report, which included information that the occupant of the residence "may need help," justified the emergency exception to the warrant requirement and that, in any event, there was sufficient validly obtained information to justify the issuance of the search warrant. The court of appeals, in an unpublished 2–1 decision, affirmed the convictions.

This is not an appropriate case in which to address in any detail the general issue of the warrantless entry of a residence to aid a person in need of assistance. For a discussion of the general issue, see 3 *Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment* § 6.6(a) (3d ed.1996). In this case we merely conclude that the state failed to meet its burden of proving that there was an emergency justifying a warrantless entry into defendant's residence pursuant to the emergency exception. The fact that the unidentified informant waited until the following day after making observations to call the police suggests that there was no emergency. Moreover, the content of the informant's report, as related by the police officer in his testimony at the omnibus hearing, certainly does not suggest the kind of emergency that would justify a warrantless entry.

We reverse the decision of the court of appeals affirming the convictions, and we remand to the trial court for further proceedings. The trial court on remand is instructed to address the issue of whether there was sufficient other validly and independently ob-

tained information to justify the issuance of the search warrant.

Reversed and remanded to the trial court for further proceedings consistent with this opinion.